UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDRA MARIE DEAN et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:24-cv-00184-SRC |
| LAURA HAWK STOBIE, | ) ) ) | |
| Defendant. | ) | |

**Memorandum and Order**

Self-represented Plaintiffs Alexandra Dean, Brooke Marr, Justin Shire, Ryan Brown, and Ariel Alton bring a joint civil-rights complaint.   Doc. 1.   After reviewing the matter, the Court finds that none of the plaintiffs signed the complaint with an original signature and only Shire has filed a motion to proceed without prepayment of fees and costs in this action.

Under Federal Rule of Civil Procedure 11, "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."   Further, Local Rule 2.11 recognizes a "person's name on a signature block" as a signature only if that person made "[a]n authorized filing . . . through [that] person's electronic filing account."   Here, the parties provided "signatures" only through typed names above signature blocks.   *See* docs. 1–2. Yet, none of them filed the complaint through an electronic filing account, and Shire did not file his motion to proceed *in forma pauperis* through an electronic filing account.   *See id*.   As such, their typed names fail to satisfy the Federal Rules of Civil Procedure and the Local Rules.

Additionally, under Local Rule 2.01(B), the Court requires a filing fee before a party proceeds with an action—except when a party files *in forma pauperis*.   Here, no party has paid a filing fee, and only Shire has filed a motion to proceed *in forma pauperis*.   Doc. 2.   Further,

civil plaintiffs lack standing to assert claims on behalf of others.   *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (A party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").   Because Plaintiffs Dean, Marr, Brown, and Alton, have neither paid the filing fee nor provided financial affidavits and Shire cannot assert their claims, the Court strikes them as plaintiffs from this action.   The Court also notes that these plaintiffs have their own cases against defendant Stobie.   *See Brown v. Stobie*, No. 4:24-cv-00112 JAR (E.D.Mo.) (case brought by Nicholas Brown against Laura Stobie); *Dean v. Stobie*, No. 4:24-cv-00074 MTS (E.D.Mo) (case brought by Alexandra Dean, Brooke Marr, and Ariel Alton against Laura Stobie).

Because Shire has failed to sign the complaint and the motion to proceed without prepayment of fees and costs, the Court orders him to submit an amended complaint and a new motion to proceed without prepayment in this action.   Although customarily, pursuant to Federal Rule of Civil Procedure 11, the Court would return the unsigned documents to Shire for him to sign and return to the Court, the Court requires a new pleading because the complaint lacks cohesiveness, contains claims from the other plaintiffs, and fails to set forth Shire's claims in a concise manner.   *See* Fed. R. Civ. P. 8(d)(1).   Additionally, Shire failed to complete his financial affidavit.   Doc. 2.   Namely, he failed to indicate his current or past employment, the amount of his income and expenses, other income the Court should consider, and any other debts or assets.   The Court is unable to make a financial determination without this information.   *See* 28 U.S.C. § 1915(a); Local Rule 2.05.

By no later than March 22, 2024, Shire must file his amended complaint on the Court's Civil Complaint form and in accordance with the specific instructions set forth in this Order. Shire must include all claims in the action in one, centralized complaint form.   *See* Fed. R. Civ.

P. 7(a)(1), 8(a).    The Court warns Shire that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so Shire must include each and every one of the claims he wishes to pursue in the amended complaint.    *See, e.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).    Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered.    *Id.*

Further, the allegations in the complaint may not be conclusory.    *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").    Instead, plaintiff must plead facts that show how each defendant he names is personally involved in or directly responsible for the alleged harm.    *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights.").    If plaintiff wishes to sue a defendant in his or her individual capacity, plaintiff must specifically say so in the amended complaint.    *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citations omitted).    If plaintiff fails to sue a defendant in his or her individual capacity, this action may be subject to dismissal as to that defendant.    If plaintiff fails to file an amended complaint on the Court's form, as well as a motion to proceed without prepayment of fees and costs, by no later than March 22, 2024, and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly, the Court strikes Alexandra Dean, Brooke Marr, Ryan Brown, and Ariel Alton from this action.    The Court directs the Clerk of Court to dismiss Dean, Marr, Brown, and Alton from this case and change the case name to *Shire v. Stobie*.    Further, the Court denies, without prejudice, Shire's [2] motion to proceed without prepayment of fees and costs.    The

3

Court directs the Clerk to provide Shire with a Civil Complaint form and an Application to Proceed in the District Court without Prepaying Fees and Costs.   By no later than March 22, 2024, Shire must amend his complaint on the Court-provided form and file a new motion to proceed without prepayment of fees and costs.   If Shire fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

So ordered this 1st day of March 2024.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

4